UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA NOELL CHRISTOPHER, Booking No. 25728110,<br><br>         Plaintiff,<br><br>vs.<br><br>LAS COLINAS DETENTION FACILITY, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, U.S. GOVERNMENT, PORSHA SNOW, CORPORAL NANESS, DEPUTY PARADA, CORPORAL MOSKLEVA,<br><br>         Defendants. | Case No.: 3:25-cv-2838-CAB-SBC<br><br>**ORDER:**<br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>[Doc. No. 2] |

  Sophia Noell Christopher ("Plaintiff"), a detainee proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. No. 1]. In lieu of paying the filing fee required by 28 U.S.C. § 1914(a), Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.] For the reasons discussed below, the Court denies Plaintiff's IFP motion and dismisses the action without prejudice.

         **I.**  **IFP MOTION**

  All parties instituting any civil action, suit or proceeding in a district court of the

United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here the IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  Using this financial information, the court "assess[es] and when funds exist, collect[s], . . . an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)).  In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments.  *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Here, Plaintiff's IFP Motion is incomplete because she has not included a certified copy of her trust account statement for the 6-month period immediately preceding the filing of her Complaint.  *See* 28 U.S.C. § 1915(a)(2); CivLR 3.2.  Without a certified trust account

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

statement, the Court is unable to assess whether any initial partial filing fee may be required to initiate the prosecution of Plaintiff's case. *See* 28 U.S.C. § 1915(b)(1).

## II.   CONCLUSION AND ORDER

Accordingly, the Court:

(1)   **DENIES** Plaintiff's Motion to Proceed IFP, [Doc. No. 2], and **DISMISSES** the action without prejudice. *See* 28 U.S.C. §§ 1915(a) & 1914(a).

(2)   **GRANTS** Plaintiff **forty-five (45)** days from the date this Order to re-open her case by either: (a) prepaying the entire $405 civil filing and administrative fee in one lump-sum; *or* (b) filing a renewed Motion to Proceed IFP*, which includes a prison certificate, signed by a trust accounting official attesting as to her trust account balances and deposits and/or a certified copy of her Inmate Statement Report for the 6-month period preceding the filing of her Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and CivLR 3.2(b).

If Plaintiff chooses *not* to comply with this Order by either paying the $405 civil filing fee and administrative fee in full by or submitting a properly supported IFP Motion within forty-five (45) days, this case will remain dismissed without prejudice and without further order of the Court based on Plaintiff's failure to comply with 28 U.S.C. § 1914(a).

(3)   **DIRECTS** the Clerk of Court to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."

It is **SO ORDERED.**

Dated:  December 18, 2025

Hon. Cathy Ann Bencivengo
United States District Judge