**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOPHIA NOELL CHRISTOPHER, Booking No. 25728110,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>LAS COLINAS DETENTION FACILITY, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, U.S. GOVERNMENT, PORSHA SNOW, CORPORAL HARNESS, PARADA, MOSKLEVA,<br><br>                                    Defendants. | Case No.:  3:25-cv-2838-CAB-SBC<br><br>**ORDER:**<br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**[Doc No. 5]** |

Sophia Noell Christopher ("Plaintiff") is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983.  [Doc. No. 1.]  When initiating the civil action, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  [Doc. No. 2.]  The Court denied the IFP motion and dismissed the action on December 18, 2025 because Plaintiff had failed to submit a complete IFP application because she had not included a copy of her trust account statement for the 6-month period immediately preceding the filing of her Complaint.  [Doc. No. 3.]  The Court gave Plaintiff an opportunity to have the case reopened by either filing a properly supported IFP motion

1

or paying the civil filing fee by February 2, 2026. [*Id.* at 3.]  On January 15, 2026, Plaintiff filed another Motion to Proceed IFP.  [Doc. No. 5.]  For the reasons discussed below, the Court again **DENIES** Plaintiff's IFP motion and **DISMISSES** the action without prejudice.

## I.    DISCUSSION

As discussed in this Court's previous Order, parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here the IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  Using this financial information, the court "assess[es] and when funds exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.'"  *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)).  Thus, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments.  *See Bruce v.*

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

2

*Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Here, Plaintiff's IFP Motion [Doc. No. 5] is again incomplete because she has failed to include a certified copy of her trust account statement for the 6-month period immediately preceding the filing of her Complaint. *See* 28 U.S.C. § 1915(a)(2); CivLR 3.2. Without a certified trust account statement, the Court is unable to assess any initial partial filing fee that may be required. *See* 28 U.S.C. § 1915(b)(1).

## II.   CONCLUSION AND ORDER

Accordingly, the Court:

(1)   **DENIES** Plaintiff's Motion to Proceed IFP [Doc. No. 5] and **DISMISSES** the action without prejudice. *See* 28 U.S.C. §§ 1915(a) & 1914(a).

(2)   **GRANTS** Plaintiff **forty-five (45)** days from the date of this Order to re-open her case by either: (a) prepaying the entire $405 civil filing and administrative fee in one lump-sum; <u>or</u> (b) filing a renewed Motion to Proceed IFP, *which includes a prison certificate, signed by a trust accounting official attesting as to her trust account balances and deposits and/or a certified copy of her Inmate Statement Report for the 6-month period preceding the filing of her Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and CivLR 3.2(b).

If Plaintiff chooses *not* to comply with this Order by either paying the $405 civil filing fee and administrative fee in full by or submitting *a properly supported* IFP Motion within forty-five (45) days, this case will remain dismissed without prejudice and without further order of the Court based on Plaintiff's failure to comply with 28 U.S.C. § 1914(a).

(3)   **DIRECTS** the Clerk of Court to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."

It is **SO ORDERED.**

Dated: February 26, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3